THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* JOSEPH RYAN, Respondent.

Second Department, June 29, 1936.

*Thomas D. Scoble, Jr.* [*Walter A. Ferris, District Attorney*, with him on the brief], for the appellant.

*Jerome A. Peck* [*Irving E. Toohill* with him on the brief], for the respondent.

*John C. Crary*, Assistant Attorney-General [*John J. Bennett, Jr.*, *Attorney-General*, *John F. X. McGohey* and *Colin McLennan*, *Assistant Attorneys-General*, with him on the brief], for the People on the constitutional issue.

PER CURIAM. The defendant, on December 14, 1935, purchased in Connecticut certain wines and liquors and brought them in his automobile into Westchester county, in this State. He was arrested and indicted for the violation of the provisions of paragraph (d) of subdivision 1 of section 102 of the Alcoholic Beverage Control Law. Upon his motion, the court below dismissed the indictment on the ground that it did not state facts sufficient to constitute a crime, and the order appealed from was made.

The defendant attacks the constitutionality of this statute as being in violation of the Commerce Clause of the Federal Constitution. In our opinion, the Twenty-first Amendment to the United States Constitution, which repealed the Prohibition Amendment, permits the Legislatures of the several States to regulate interstate commerce of intoxicants, and it was, therefore, competent for the Legislature of this State to forbid the transportation or importation of intoxicating liquors into this State. The statute in question is, therefore, a valid exercise of the police power of the State and does not violate the Commerce Clause of the Federal Constitution.

We are also of opinion that the provision of the statute that " no common carrier or other person " shall bring or carry into the State liquors, etc., was intended to include any person bringing liquor into the State, and not to confine it to a person engaged in an occupation similar to that of a common carrier.

The order dismissing the indictment should, therefore, be reversed upon the law, defendant's motion to dismiss the same denied, and the indictment reinstated.

LAZANSKY, P. J., YOUNG, HAGARTY, DAVIS and JOHNSTON, JJ., concur.

Order of the County Court of Westchester county dismissing the indictment reversed on the law, motion denied, and the indictment reinstated.