George A. Timone, J.
This proceeding brought on by order to show cause, presents the question whether in the case of a girl between 16 and 18 years of age, adjudged to be a person in need of supervision for acts and conduct that occurred after her sixteenth birthday, the court is deprived of power either to place or commit her to Westfield State Farm (hereinafter referred to as Westfield) or to the New York State Training School for Girls (hereinafter referred to as Hudson).
The State Department of Correction which operates Westfield and the State Department of Social Welfare which operates Hudson, each urge that the court lacks power to place or commit, and that each lacks the legal authority to receive, a girl in this category. In a commendable desire to terminate the already *9 excessive remand to Youth House, the Department of Social "Welfare has agreed to accept the girl at Hudson for the time being, but without waiving any of its rights and legal objections. The law guardian representing the girl challenges the court’s authority to place the girl at or commit her to either institution.
The psychiatric report concludes that the girl is “ desperately in need of placement ”, and this is also urgently recommended by the probation service. Since the girl’s parents are in agreement and there is no issue on this point, the girl’s acts and conduct which require institutional care and treatment need not be recited. It is sufficient for present purposes, that they occurred after her sixteenth birthday which was August 17,1962.
The girl cannot be placed in any voluntary authorized institution. Thus, if the contentions of the Departments of Correction and Social Welfare, and of the law guardian be correct, we have a manifestly serious situation and an unbelievable result that give the judiciary power of placement or commitment, in appropriate cases of all citizens over 7 years of age, except for those in a new created vacuum consisting of girls adjudged persons in need of supervision for acts committed between 16 and 18 years of age.
It is a fundamental rule of statutory construction that of several possible constructions which might be placed on an ambiguous statute, courts must avoid an interpretation which causes objectionable results or leads to unreasonable, harmful or absurd consequences. (Seltzer v. City of Yonkers, 286 App. Div. 557, affd. 1 N Y 2d 782; People v. Ryan, 274 N. Y. 149, revg. 248 App. Div. 236; Matter of “ Doe ”, 36 Misc 2d 611.)
We, therefore, first consider whether such a girl may be placed at Hudson in the care of the Department of Social Welfare. A “ Juvenile delinquent ” is defined as “ a person over seven and less than sixteen years of age who does any act which, if done by an adult, would constitute a crime ”. A “ Person in need of supervision ” means “ a male less than sixteen years of age arid a female less than eighteen years of age who is an habitual truant, or who is incorrigible, ungovernable, or habitually disobedient and beyond the lawful control of parent or other lawful authority ”. (Family Ct. Act, § 712.)
A juvenile delinquent may be either placed in or committed to a State Training School (Family Ct. Act, §§ 756, 758) whereas a person in need of supervision may now only be placed there, and only if placement can be made before July 1,1964. (Family Ct. Act, §§ 754, 756, 119; Social Welfare Law, § 425.) A commitment is for an indefinite period not to exceed 3 years, whereas a placement is for an indefinite period not to exceed 18 months. *10 (Family Ct. Act, §§ 756, 758.) Both groups attend the same institution and participate side by side in the same program.
The above-mentioned provisions of the Family Court Act must be read together with article 7 of the Social Welfare Law, which deals with State Training Schools. Section 430 of article 7 limits the court’s power thus: “ Whenever any child not over the age of sixteen years shall have been adjudicated to be delinquent by a family court, or whenever any person over the age of sixteen years, but under the age of seventeen years, shall have been so adjudicated for an act done before the age of sixteen years, such child or person * * * if under the age of seventeen years when committed * * * 2. if a girl, may be committed to the New York state training school for girls ”.
It is noteworthy that the Legislature by chapter 698 of the Laws of 1963 repealed subdivision 3 of section 430, thereby removing the minimum age restriction of 12 years, but re-enacted, without change, the above-quoted maximum age restrictions in the opening paragraph of section 430.
Even more significantly, this re-enactment was coupled with the passage of chapters 810 and 811 of the Laws of 1963, both of which amend section 425 to provide that “ The provision of this article [art. 7] respecting juvenile delinquents legally committed to the state training schools shall apply to those who are placed in them pursuant to section seven hundred fifty-six of the family court act ’ ’.
Although the result seems undesirable, the meaning is plain that the age restrictions on commitments in section 430 are by section 425 expressly made applicable to placements. It would be an unjustified distortion of language to read into these sections a legislative intent to transfer to Hudson the obligation heretofore placed on Westfield to receive girls in this category. The court is, therefore, constrained to hold that this child may not now be legally placed in Hudson. ‘ ‘ If the construction to be accorded a statute is clearly indicated, it is to be adopted by the courts regardless of consequences”. (Matter of Town of Smithtown v. Moore, 11 N Y 2d 238, 244.)
We are thus reduced to the alternatives of holding that this girl may either legally be placed at Westfield (which would have accepted this girl without question prior to effective date of the 1962 Family Court Act), or that the Legislature intended that no public facility be available however serious the case, and urgent the need for placement.
A girl adjudged to be a “ person in need of supervision ” may be placed in an ” authorized agency ” (Family Ct. Act, § 756), the definition of which expressly includes “ any institution sup *11 ported or controlled by the state or by a subdivision thereof ” (Family Ct. Act, § 119). Westfield is such an institution, as is Hudson, but Westfield, unlike Hudson, may receive girls over 16, but without the age restriction found in sections 425 and 430 of the Social Welfare Law. (Code Grim. Pro., § 913-a, subds. 4, 6, 7; Correction Law, § 270; Penal Law, § 2187-a.)
Although it is true that the clause “ any institution supported or controlled by the state ” is quite broad, it must of course be read in the context of the sentence and the section in which it is found, which deal only with “ authorized agencies ”; i.e., agencies authorized to care for children. The definition of ‘1 authorized agency” in the Social Welfare Law (§ 371, subd. 10), although differing from that in section 119 of the Family Court Act, is in article 6 which also deals exclusively with children. Westfield is referred to in section 758 of the Family Court Act as “ a suitable institution maintained by the state or any subdivision thereof ”. This section also broadly describes voluntary institutions as “ an association, agency, society or private religious institution ” meaning, necessarily, one that is authorized to care for children. Thus, unless placement at Westfield is prohibited by other provisions of law, sections 756 and 119 of the Family Court Act permit placement of this girl at Westfield.
Other statutory provisions are not inconsistent with these sections of the Family Court Act. The acts and conduct of this girl come within the definition of a wayward minor (Code Crim. Pro., § 913-a, subds. 5, 6, 7) as well as within the substantially similar and overlapping definition of a person in need of supervision (Family Ct. Act, § 712, subd. b). The comment of the Joint Legislative Committee for Court Reorganization under section 712, recognizes this and states “By referring to a ‘ female under eighteen years of age ’, it gives the Family Court jurisdiction over certain ‘ wayward minor ’ procedures throughout the State, including a portion of the jurisdiction now exercised in New York City by Girl’s Term.” (Report, Jan. 30, 1962, Yol. II, p. 110.)
Girls’ Term has been abolished (L. 1962, ch. 688) and the transferred jurisdiction over girls between 16 and 18 years of age is now exclusively in the Family Court (Family Ct. Act, § 713). The Girls’ Term Court Act (§ 17, subd. [e]) gave the judiciary power to commit girls in this category to the care and custody of several voluntary agencies “or to the care and custody of a suitable institution maintained by the state or any sub-division thereof, such as, Westfield state farm ”.
Also consistent is the provision of section 270 of the Correction Law which provides that Westfield shall “ receive female *12 persons between the ages of sixteen and thirty committed pursuant to section twenty-one hundred eighty-seven-a of the penal law”. That Penal Law section deals with classes of cases in which a female between 16 and 30 can be committed to Westfield and includes one who is “ (6) adjudicated to be a wayward minor under the provisions of title seven-a of part six of the code of criminal procedure ”.
The Legislature abolished the Girls’ Term Court, not the Wayward Minor Act, and transferred to the Family Court jurisdiction over so much of the categories of wayward minors as coincide with the categories enumerated in section 712 of the Family Court Act.
I have not overlooked the statement of the Joint Legislative Committee that it “ does not believe that girls who have not committed any crime should be sent to such an institution [West-field] ”. (Beport of Joint Legislative Committee for Court Beorganization, Jan. 30, 1962, Vol. II, p. 12.) This statement accompanied the first draft of the committee’s legislative proposal (1962, Senate Int. No. 3494, Pr. No. 3789) which did not include section 119. This pivotal section, which was added in the amended bill (Pr. No. 4501), indicates a change of position and a decision to continue the designation of Westfield as the facility to receive girls over 16.
Subdivision (b) of section 758 of the Family Court Act deals only with persons of either sex between 15 and 16 years of age who have committed certain serious acts which if committed by an adult would be crimes in the first degree, and gives the court-discretion to commit such persons to reformatories instead of to the training schools. That subdivision is not pertinent to the instant question dealing with the power to place girls adjudged persons in need of supervision for acts that occurred after they became 16 years of age.
Whether Westfield or Hudson is better suited to meet the needs of these children, or whether the court should have discretion to select either facility depending on such factors as the maturity, aggressiveness and disturbance of the girl, are matters of legislative policy. The Legislature could not have intended the absurd and farcical result of stripping the courts of all power to place girls in this age group in a suitable public facility.
The court, therefore, orders placement of this girl at West-field and vacates the prior order of placement at Hudson but stays for 90 days the execution of both orders to give any of the interested parties opportunity to take such appeal or other action as they may be advised.