Justine Wise Polier, J.
The respondent is a girl, born on July 14, 1946. On October 21, 1963 her father filed a petition under article 7 of the Family Court Act. It alleged that she was keeping late hours, that she was living in a furnished room with two adult males, that she was suffering with syphilis for which she refused treatment, and that she refused to obey the lawful and reasonable commands of her parents. The following day she was brought before the court on this parental petition and admitted the allegations to be true.
An adjudicatory finding was made that the respondent was a person in need of supervision, and she was remanded for detention to November 12, 1963. A physical examination and a psychiatric examination were ordered.
The probation report recommended placement for the respondent in a structured environment. The psychiatric report recommended placement in a structured residential setting and stated: “ Undoubtedly more and more self-harmful acting out especially in the sexual area would ensue were she to remain in the community.” The Euphrasian Residence to which the respondent had been remanded for temporary detention and study advised the court on November 26, 1963 that it could no longer care for the respondent because of her behavior. Villa Loretto to which the respondent had been referred for possible placement refused to accept her. The father agreed in court that the respondent required placement.
This court is, therefore, faced with the problem of placement for a girl whose conduct after her 16th birthday constituted the basis for a parental petition and a finding that she is a person in need of supervision and placement.
In a similar case, where placement was found to be necessary, and no private agency would accept a girl, the New York State Training School (administered by the State Department of Social Welfare) and Westfield State Farm (administered by the State Department of Correction) each took the position that they were without authority to receive the respondent. At that *1059 time the Law Guardian, who represented the respondent, took the position that this court was without authority to place or commit the respondent to either agency under the Family Court Act.
After a hearing at which both the Law Guardian and the Attorney-General’s representative appeared, the learned Judge came to the conclusion that the respondent could only be placed at the Westfield State Farm under the existing statutes.[1] By stipulation the order of placement was stayed and the respondent was kept at the New York State Training School without prejudice pending a decision on appeal by the Law Guardian and other interested parties.
On appeal in the case the Law Guardian reversed his original position and urged that under the 1963 amendments to the Family Court Act and the Social Welfare Law, this court has the power to place girls whose conduct after their 16th birthday constituted the basis of a finding that they were persons in need of supervision. The Law Guardian further contended that this court had the power to place such respondents at the New York State Training School but not at Westfield State Farm.
This court has had the benefit of reading the opinion of Judge Timone and the brief filed on appeal for the respondent in that case by the Law Guardian. It is satisfied that the legislative history, read together with the Family Court Act, including the 1963 amendment to section 756 and the 1963 amendments of the Social Welfare Law were intended to provide facilities for placement under the State Department of Social Welfare for all persons in need of supervision when such placement was found necessary by the court. It does not find that girls, whose conduct after their 16th birthday warranted a finding that they were persons in need of supervision, are excluded from such placement.
The Family Court Act includes in its definition of a person in need of supervision1 ‘ a female less than eighteen years of age "[2] It authorizes that after the adjudicatory finding the court shall have the power of “ placing [a person in need of supervision] in accord with section seven hundred fifty-six ”.[3] The latter section, in turn, authorizes placement in an “ authorized agency ” which includes institutions “ supported or controlled by the state or by a subdivision thereof ”.[4]
*1060 Because of the original position taken by the State training schools that they were not authorized to accept children found to be “persons in need of supervision” and that they were limited to accepting delinquent children, the Family Court found itself confronted with the responsibility for placement of children and without authority to secure placement, except in those cases where private agencies would accept them.
To meet this gap in placement facilities new legislation was enacted in 1963. Section 756 of the Family Court Act was amended to provide that ‘ ‘ authorized agency ’ ’ as used in this section includes the State training schools established under article seven of the Social Welfare Law.[5] The amendment of section 758 of the Family Court Act refers only to commitments that may be made when an adjudication of juvenile delinquency has been made and is not therefore relevant to the dispositions of “persons in need of supervision”.[6]
In accordance with and to complement the amendments of the Family Court Act intended to provide at least stop-gap placement facilities in the State training schools for persons in need of supervision, the Social Welfare Law was also amended in 1963. The State training schools were authorized to receive adjudicated juvenile delinquents or adjudicated persons in need of supervision who were placed pursuant to section 756 of the Family Court Act.[7] That section deals exclusively with placements following an adjudication of delinquency or that of a person found in need of supervision. It does not encompass commitments which are authorized only when there has been an adjudication of delinquency.[8]
Although the State training schools are authorized to receive delinquent children only if the delinquent acts occurred prior to their 16th birthday, this age limitation does not refer to persons in need of supervision.[9]
One of the basic purposes of the new Family Court Act was to separate those children who had committed acts which, if done by adults, would constitute a crime from those whose conduct, while not criminal in nature, required the authority of court action. The placement of children in the latter group in an institution which receives older offenders convicted of crimes *1061 by the adult courts seems inconsistent with this legislative intent.
It is to be hoped that the State will without delay establish additional facilities to meet the needs of the older adolescents who require placement apart from younger children adjudicated to be either delinquent or persons in need of supervision. The failure to provide appropriate and diversified facilities to meet the increased range of problems presented under the enlarged jurisdiction of the Family -Court Act would negate its purpose. In the meantime, this court must use the only facility available for placement of persons in need of supervision.
Placement is ordered at the New York State Training School for Girls.

. In the Matter of Anonymous, 40 Misc 2d 8.

. § 712, subd. (b).

. § 754, subd. (c).

. § 119.

. § 756, subd. (d), eff. April 16, 1963. See L. 1963, eh. 477, § 1; L. 1963, eh. 809, § 10; L. 1963, eh. 811, § 4; L. 1963, eh. 831, § 7.

. See § 758, as amd. by L. 1963, eh. 477, § 2; eh. 809, § 9. See, also, Family Ct. Act, § 753.

. L. 1963, eh. 810, § 2, amdg. Social Welfare Law, § 425 to add subd. 3; see, also, L. 1963, eh. 811.

. Family Ct. Act, § 758. .See, also, § 753.

. See Social Welfare Law, § 430.