Justine Wise Polier, J.
The respondent is a 17-year-old girl. Her father filed a petition under article 7 of the Family Court Act alleging that she was keeping late hours, that she was living in a furnished room with two adult males, that she was suffering from syphilis, for which she refused treatment, and that she refused to obey the lawful and reasonable commands of her parents. On her admission that the allegations were true, this court found she was a ‘person in need of supervision ” and remanded her to Youth House for Girls on October 22, 1963.
After social investigation and psychiatric study, this court found that she was in need of placement in a structured facility, and the father agreed that such placement was necessary. However, this court has been unable to secure placement, although section 754 authorizes the Family Court to place a “ person in need of supervision ” in an authorized agency. In *214 an earlier decision involving this same girl, this court found that girls, whose conduct after their 16th birthday warranted a finding that they were “ persons in need of supervision ”, were not excluded from placement in the facilities of the State Department of Social Welfare. (Matter of Anonymous, 40 Misc 2d 1058.) The New York State Training School for Girls, has, however, refused to accept this girl placed by order of this court on December 10, 1963.
Since that order was entered, the Supreme Court, Appellate Division, First Department, has held in another case that this court does not have the power to place a girl found in need of supervision at Westfield State Farm. (Matter of Anonymous v. People, 20 A D 2d 395.) In its opinion, the Appellate Division wrote (p. 400):
“ The entire structure of the [Family Court] act reflects a deliberate and calculated plan to place ‘ persons in need of supervision ’ in authorized agencies for treatment and rehabilitation and not to commit them to penal institutions. Placement in a reformatory such as Westfield State Farm would frustrate the avowed purpose of the statute.
“ The enlightened method of the treatment of persons in need of supervision should be encouraged.”
This decision thus held that the placement of a ‘1 person in need of supervision” in a facility under the Department of Correction was not authorized. While referring to the earlier decision in the instant case, it did not indicate that this court had authority to place girls in need of supervision, whose conduct had occurred after their 16th birthday in the only facility remaining available, namely, the New York State Training School for Girls.
In fact, the appellate court clearly indicated that legislation might be required to secure facilities needed for girls over 16 found in need of supervision and placement. The court stated (p. 400): “if the learned Judges of the Family Court are confronted with a dilemma because of the lack of facilities to handle 1 persons in need of supervision ’, their recourse should be with the Legislature to make such facilities available and not through circumvention of the commands of the statute.” Since this decision was issued excluding the use of the facilities under the Department of Correction, the State Department of Social Welfare has continued to maintain its position that it is not responsible for providing facilities for girls “in need of supervision” whose conduct after their 16th birthday causes the Family Court to seek placement for their treatment and rehabilitation.
*215 While there was uncertainty as to whether such girls could be placed by the Family Court in the facilities under the auspices of the Department of Correction or the Department of Social Welfare, some girls, including the one in the instant case, have been held in temporary detention for months. Concern for their welfare, the lack of a home or any community facility to Avhich they could be sent has caused Judges, Law Guardians, and the detention home to condone this procedure as the lesser of two evils, while awaiting a decision by the appellate court or corrective legislation.
The report from Youth House for Girls states that the girl in the instant case has deteriorated as a result of the over-long remands to temporary detention. In xdew of this situation and the persistent refusal of the State Department of Social Welfare to accept this girl in its facilities, although no other facility is available, further remand to a temporary detention home cannot be sanctioned. This court has no alternative but to release her to the home from which she came.
In the absence of judicial interpretation by the Appellate DÍAÚsi'on that this court has the power to use the facilities of the New York State Department of Social Welfare, the Family Court must await corrective legislation that will, in the words of the Appellate Division {supra, p. 400) encourage “ The enlightened method of the treatment of persons in need of supervision ”.
With concern and reluctance, this court finds that the girl in this case must be paroled to her parents in the absence of any facility for her treatment and rehabilitation. The Probation Department is requested to secure immediate referral to a hospital for medication, to provide supervision, and to make a preliminary report to this court on April 2, 1964 on the girl’s adjustment.