OPINION OF THE COURT
Julian A. Hertz, J.
In this case it was alleged that on January 20, 1974 the respondent, then 15 years of age, committed acts which if charged against an adult would have violated section 160.15 of the Penal Law (robbery), section 205.30 of the Penal Law (resisting arrest), section 120.00 of the Penal law (assault), and section 265.05 of the Penal Law (criminal possession of a dangerous weapon). It was alleged that while acting in concert with six others, two of whom were adults (over 16 years of *155 age), they accosted the petitioner, a police detective, and forcibly took his wristwatch and a small sum of money. When the victim attempted to signal his partner he was allegedly struck in the face and head and pushed against a wall. As a result the petitioner allegedly sustained injuries of a substantial nature. One of the perpetrators also allegedly displayed a knife.
A warrant was first issued for the respondent on March 19, 1974 when he failed to appear. He was returned on the warrant and remanded on April 17, 1974. His mother appeared that day and took the onus for his nonappearance. He was then paroled to June 3, 1974, when he again failed to appear. A warrant was issued but execution was stayed to September 9, 1974 when the warrant was ordered executed. He was not returned to this court until September 28, 1977 at which time, the court is informed, he was detained on another case pending in Criminal Court.
Proceedings in this court revealed the fact that the victim is no longer interested in proceeding against the respondent since he indicated the main actor was one of the adults.
This case provides a clear example of how the Legislature has failed to provide the courts with a viable alternative to dismissal where as here, a respondent, accused of serious acts, is beyond the age the juvenile justice system is designed to treat. Subdivision (b) of section 714 of the Family Court Act, "Determination of age”, reads: "If the respondent is within the jurisdiction of the court, but the proceedings were initiated after the respondent’s eighteenth birthday, the family court * * * (ii) may dismiss a petition to determine whether a person is a juvenile delinquent.” In the Practice Commentaries (McKinney’s Cons Laws of NY, Family Ct Act, Book 29A, p 575) it is stated that "the drafters of the Family Court Act recognized that a juvenile may 'no longer be suitable for action by the Family Court by reason of age’ even though he was under the jurisdictional age when the act allegedly was done.” The basic rationale behind the removal of juveniles from the adult penal system and the creation of the separate juvenile justice system was stated by the United States Supreme Court as follows: "The idea of crime and punishment was to be abandoned. The child was to be 'treated’ and 'rehabilitated’ and the procedures, from apprehension through institutionalization, were to be 'clinical’ rather than punitive.” (Matter of Gault, 387 US 1, 15-16.) Where treatment as a *156 juvenile might not be deemed appropriate, the original Family Court Act at subivision (b) of section 758 provided that adjudicated delinquents who were 15 at the time of commission of an act which would be a class A or B felony if committed by an adult, could be committed to an adult facility.
The 1976 Legislature, in recognition of some of the failings of the juvenile justice system, enacted the Juvenile Justice Reform Act of 1976 (L 1976, ch 878) which, among other provisions, repealed section 758 of the Family Court Act and created new section 753-a of the Family Court Act to cover "Designated felony acts; restrictive placement”. That section in the case of a 14- or 15-year-old found to have committed one of the serious, violent crimes enumerated in subdivision (h) of section 712 of the Family Court Act as a "Designated felony act”, authorizes a Family Court Judge to place a respondent with the Division for Youth for an initial period of up to five years, with a mandatory period of secure confinement.
The Legislature, however, has not addressed itself to the situation presented here, where the respondent is 19 years old at the time of the hearing in Family Court for an act allegedly committed when he was 15 years of age. The restrictive placement permitted under section 753 of the Family Court Act with regard to designated felonies, applies only to acts allegedly done after February 1, 1977.
The dispositional alternatives available to Family Court under section 753 of the Family Court Act are inappropriate for this 19-year-old. Clearly, there should be some reasonable alternative to dismissal under section 714 (subd [b], par [ii]) of the Family Court Act. Whether that alternative is some additional authority for Family Court for no longer juvenile respondents returned on old warrants, or transfer to Criminal Court for treatment similar to that provided for 16 to 19-years-olds in CPL article 720 under "Youthful Offender Procedure”, or yet another procedure, is up to the Legislature. This court urges the Legislature to act in this area, noting that this case is exemplary of considerable numbers of similar situations and is in no way singular.
The petition herein is reluctantly dismissed.