OPINION OF THE COURT
Mary Ann Killeen, J.
This proceeding was commenced by the petitioner, a detective with the homicide squad of the Buffalo Police Department, against the respondent, pursuant to article 7 of the Family Court Act, seeking an adjudication of juvenile delinquency.
The petition alleges that on or about the 5th day of May, 1975, the respondent did engage in certain acts and conduct which, if done by an adult, would constitute the crime of murder in the second degree (Penal Law, § 125.25). In addition, the petition alleges that, at the time of the act, the respondent was between the ages of 7 and 16 (it is conceded by counsel for both parties that he was 15 years of age at the time of the alleged acts). Finally, it is alleged that the respondent requires supervision, treatment or confinement. All such allegations are required under section 731 of the Family Court Act.
Pursuant to the requirements of section 741 of the Family Court Act, upon his first appearance before the court, on December 7, 1982, respondent was informed of the allega *1062 tions against him and of his rights in such proceedings. The Law Guardian was appointed to represent the respondent throughout the proceedings. At that time, the court also advised both counsel that any motions relative to the proceeding were to be made, in writing, within 45 days.
Thereafter, respondent’s attorney served the standard “omnibus motion” upon counsel for the petitioner, requesting the standard discovery and inspection, bill of particulars, material under authority of Brady v Maryland (373 US 83), and suppression of any evidence obtained in violation of the doctrines in Miranda v Arizona (384 US 436) and People v Huntley (15 NY2d 72). In addition, respondent’s counsel requested dismissal of the petition on the grounds of “defective jurisdiction” and/or in the furtherance of justice. Respondent himself submitted separate motion papers, which sought, amongst other relief, to “quash” the petition, essentially on the same grounds as raised in respondent’s counsel’s papers. The petitioner’s counsel opposed the request for dismissal on the return date of the motion papers. Because of the overriding importance of the jurisdictional question, the court restricted argument at that time to that preliminary issue. Both parties submitted memoranda of law on the jurisdictional question.
There is no dispute on the facts in the matter, and the relevant facts are not many. The acts alleged to have been done by respondent would have taken place when he was 15 years of age, in May, 1975. If committed by an adult, such acts would be a violation of section 125.25 of the Penal Law, second degree murder. At present, respondent is 22 years of age and serving a term of imprisonment in the New York State Correctional Facility at Attica for crime(s) unrelated to those in this petition.
The motion by the respondent alleges that the purposes of article 7, as set forth in section 711 of the Family Court Act, require that a proceeding must not only provide a due process of law for the respondent, but also devise an appropriate order of disposition, for such person to be adjudged a juvenile delinquent. He argues that the intent behind the statute is not only to determine “whether any alleged acts of delinquency were committed, but what rehabilitative *1063 help was to be afforded such delinquent.” He further contends that “prosecution and conviction” would not be practical or productive, since the respondent is over 21 years of age and therefore beyond the power of this court to treat, supervise or confine. Finally, the respondent contends that since he is presently serving time in an adult prison facility, a dismissal of the petition would have no impact on the safety or welfare of the community.
Petitioner opposes the dismissal of the petition on jurisdictional grounds, though, conceding that the court may, in its discretion, dismiss such an action, when juvenile delinquency proceedings are initiated after respondent’s eighteenth birthday (Family Ct Act, § 714, subd [b], par [ii]). Counsel agrees that since the acts alleged would be juvenile delinquency acts if proven, the court has jurisdiction to hear the case, and should exercise its discretion in so doing. It is conceded by petitioner that after any finding of juvenile delinquency on respondent’s behalf, this court lacks any “dispositional remedies”. However, petitioner maintains that a finding against the respondent may have an impact on respondent’s parole eligibility and also ensures that a criminal act would “not go unaddressed”.
The issue raised in this motion questions the fundamental purpose of juvenile delinquency proceedings in Family Court.
Practice in Family Court is unique. In addition to understanding civil and criminal procedure in the courts, one must have an understanding of the juvenile justice system and its delivery of services.
In this day and age, to consider the Family Court’s dealing with juvenile delinquency as solely rehabilitative is unrealistic. Indeed, the Legislature amended section 711, as a part of the Juvenile Justice Reform Act of 1976 (L 1976, ch 878), to reflect the concern that in addition to addressing the needs and best interests of the respondent, the purpose of the juvenile justice system under the Family Court Act was also the “need for protection of the community.” In that session, the Legislature enacted among other revisions, a provision authorizing placement of youths adjudicated as perpetrators of certain “[designated felony *1064 act[s]” (§ 712) in “restrictive placement” in certain “secure detention facilities” up to the respondent’s twenty-first birthday (§§ 712, 753-a). It has been held that the expansion of the purposes under section 711 was merely a codification of existing considerations of Family Court decisions. (Matter of Rudy S., 100 Misc 2d 1112.) However, it is clear that now the Family Court must consider the safety of the community against perpetrators of serious crimes when fashioning a dispositional remedy. (Matter of Andre L., 64 AD2d 479.)
In the case at hand, there is no possible disposition where the interests of the community can be protected by the Family Court. Even if the acts alleged are sustained upon trial, the respondent being over the age of 21 is beyond the jurisdiction of this court for any supervision, treatment or confinement. To use the Family Court merely to clear up unsolved crimes is hardly what the Legislature intended.
Petitioner has cited section 714 (subd [b], pars [i], [ii]) of the Family Court Act in support of the petition. A proceeding initiated in court after a respondent’s eighteenth birthday, if it is a person in need of supervision (PINS) petition, shall be dismissed (§ 714, subd [b], par [i]). However, if it is a juvenile delinquency petition, it may be dismissed.
Certainly, if the respondent were still within the power of the court to either supervise, treat or confine, petitioner’s argument would be correct. Even if a respondent is over 18, the services could nonetheless be implemented. The court would thus be free, in its discretion, to sustain a petition and direct the appropriate remedy. -Such is not the case here, where the respondent would not be subject of any such remedy. Such a petition has been dismissed in a similar case. (Matter of Thomas F., 94 Misc 2d 154.)
This court need not reach the issue as to when the jurisdiction of the juvenile court would constitutionally terminate, though it has been held that there is such a dimension, as well. (Matter of Johnson, 178 F Supp 155.) It is sufficient that there must be a need for Family Court to intervene. (Matter of Charles C., 83 Misc 2d 388; Matter of Rudy S., 100 Misc 2d 1112, supra; Matter of “Anonymous", 43 Misc 2d 213.)
*1065 It is well settled that Family Court is a court of limited jurisdiction, with its power defined in the statute and circumscribed by the constitutional provisions for its creation. (Matter of Mouscardy v Mouscardy, 63 AD2d 973; Matter of Borkowski v Borkowski, 38 AD2d 752.) Under article VI (§ 13, subd b) of the New York State Constitution it is provided in part: “b. the family court shall have jurisdiction over the following classes of actions and proceedings which shall be originated in such family court in the manner provided by law: (1) the protection, treatment, correction and commitment of those minors who are in need of the exercise of the authority of the court because of circumstances of neglect, delinquency or dependency, as the legislature may determine”. As stated above, the respondent cannot receive protection, treatment, correction or commitment from the court. He is likewise not a minor “in need of the exercise of the authority of the court, because of circumstances of neglect, delinquency or dependency”. Thus, to exercise jurisdiction would be to exceed the constitutional bounds of this court, as well as the intent of the Family Court Act.
It should be noted, however, that notwithstanding the protection of the community as a consideration, the primary intent behind article 7 remains rehabilitative, and not punitive, as it has always been. (Matter of Cecilia R., 36 NY2d 317.) This remains true in spite of the revisions enacted by the Juvenile Justice Reform Act of 1976 (see Governor’s Memorandum of Approval, McKinney’s Session Laws of NY, 1976, p 2452).
Finally, we have the issue of what can be done, in light of the court’s ruling against the assumption of jurisdiction. Certainly, acts such as those alleged in the petition cry out for justice. The answer lies in an examination of the later history of this area of the law, and the gap left therein.
The original section 715 of the Family Court Act provided, in part, that: “Proceedings involving any person fifteen years of age who is alleged to have done an act which, if committed by an adult, would be a crime punishable by death or life imprisonment shall not originate in the family court”, unless transfer to Family Court was ordered by the criminal court. This was substantially de *1066 rived from the existing law prior to the enactment of the Family Court Act in 1962. Under the original section 715, had the acts alleged in this petition been charged, the respondent would have been a defendant in a criminal proceeding. With no Statute of Limitations defense available in murder cases, he would have remained open to such a prosecution for life.
Section 715 was repealed in 1967, with section 713 continuing to define the jurisdiction of Family Court (after the repeal) as encompassing all persons alleged to be juvenile delinquents. With the repeal, all acts by persons under 16, including homicides as the one here alleged, originated in and were adjudicated in Family Court. In addition, section 30.00 of the Penal Law provided that any person under the age of 16 could avail himself of the defense of infancy in any criminal prosecution.
In 1978, as part of the violent felony offender legislation, the Legislature did provide that for certain crimes including second degree murder as alleged here, a person 13 years of age or older, may once again be prosecuted in the criminal courts, unless transferred to Family Court. (See Penal Law, § 10.00, subd 18; § 30.00; CPL 1.20, subd 42.) The provisions of this section were applicable to all acts committed after September 1, 1978. This section was not applicable to acts prior to its effective date, as it would likely have been subjected to constitutional attack as an ex post facto enactment.
Under this revision which remains the law today, acts by a person 13 years or older constituting second degree murder, could be prosecuted in the criminal courts as an adult offender. With no Statute of Limitations applicable (CPL 30.10, subd 2, par [a]), the perpetrator would be open to prosecution at any time, subject to other constitutional and statutory protections which might be applicable.
Thus, the courts are left with an 11-year hiatus, possibly an oversight, during which any acts by persons under 16 years of age at the time of commission, are not subject to the jurisdiction of the criminal courts. The reason for this gap was more likely a brief 11-year change in legislative policy toward prosecution of persons under 16 charged with certain acts. (See, generally, Hechtman, Practice Commen *1067 taries, McKinney’s Cons Laws of NY, Book 39, Penal Law, §30.00, p 66.)
Hence, were the acts as alleged committed after the 1978 revisions, the respondent would be open to criminal prosecution for life, though not in Family Court after age 21.
One final point raised by the petitioner shoúld be addressed. It is argued that notwithstanding the fact that Family Court lacks any dispositional power, an adjudication of delinquency would serve a purpose nonetheless. Since the respondent is presently serving time in a State correctional facility and will be seeking parole, it is argued that an adjudication of delinquency would possibly prevent early release and thus contribute to the safety of the community.
This argument would thus grant jurisdiction to this court only in cases where such a respondent over 21 were already serving a prison term. This narrow expansion of jurisdiction, if desirable, should be implemented by the Legislature, and not fashioned by a court.
In addition, the Parole Board is empowered under the Executive Law to determine eligibility for release, in a prescribed manner and using its expertise and that of supporting personnel. It would appear to be well beyond this court’s function to proceed toward a possible adjudication merely to attempt to influence the Parole Board’s decision.
Now therefore, based on all of the above statutory and case law analysis, commentary, discussion and reasoning, it is the conclusion of this court that the motion to dismiss made by the respondent through his attorney be granted.
Petition dismissed.