COMMONWEALTH *vs.* A JUVENILE.

Middlesex. May 8, 1990. - June 6, 1990.

Present: LIACOS, C.J., ABRAMS, NOLAN, O'CONNOR, & GREANEY, JJ.

*Jurisdiction*, Delinquent child. *Juvenile Court*, Jurisdiction. *Delinquent Child.*

A District Court judge correctly dismissed on jurisdictional grounds a ju-
venile complaint brought under G. L. c. 119, § 72A, against a defend-
ant who was apprehended at the age of twenty-one for sexual offenses
allegedly committed when he was twelve and thirteen years of age,
where the governing procedural provision of G. L. c. 119, § 61, limits
the court's jurisdiction for purposes of a transfer hearing to offenses
committed while the defendant was between his fourteenth and seven-
teenth birthdays. [551-552]

COMPLAINTS received and sworn to in the Framingham Di-
vision of the District Court Department on October 5, 1988.

The cases were heard by *Austin T. Philbin*, J., on a motion
to dismiss.

The Supreme Judicial Court on its own initiative trans-
ferred the case from the Appeals Court.

*Wendy Murphy*, Assistant District Attorney, for the
Commonwealth.

*Eileen D. Agnes* for the defendant.

. NOLAN, J. In this appeal by the Commonwealth, we are
asked to reverse the dismissal of certain complaints against
the defendant on jurisdictional grounds.[1] We decline to do so.

Juvenile complaints issued against the defendant alleging
that he was delinquent by reason of forcible rape, assault
with intent to rape a child, indecent assault and battery on a

[1]The Commonwealth's grievance lies in the fact that it may not transfer
this case for treatment of the juvenile as an adult after dismissal of the
juvenile proceedings.

child under fourteen, open and gross lewdness, and contributing to the delinquency of a child (this charge plays no part in the appeal). At the time of the alleged offenses he was twelve and thirteen years of age. The victim was his step-sister and six years younger than he. When the defendant was arraigned in the juvenile session, he was twenty-one years of age.

A District Court judge conducted a probable cause hearing under G. L. c. 119, § 72A (1988 ed.), and after reducing the complaint of forcible rape to rape of a child, he found probable cause on all complaints. The defendant filed a motion to dismiss the complaints and the judge ultimately allowed it. The Commonwealth has appealed.

The issue is the applicability of § 72A to crimes committed *before* the defendant becomes fourteen years of age. More particularly, § 72A[2] provides in pertinent part for those who are not apprehended until *after* their eighteenth birthday. A summons was issued for the defendant when he was nineteen. Further, § 72A provides that the case of one who commits a violation prior to his seventeenth birthday and who is not apprehended until after his eighteenth birthday (both conditions are met here) shall be heard and determined in a manner consistent with G. L. c. 119, §§ 53-63 (1988 ed.). Section 61,[3] which governs the procedure in this

---

[2]General Laws c. 119, § 72A provides: "The case of any person who commits an offense or violation prior to his seventeenth birthday, and who is not apprehended until after his eighteenth birthday, shall be heard and determined in accordance with sections fifty-three to sixty-three, inclusive. In any such case, the court, after a hearing shall determine whether there is probable cause to believe that said person committed the offense as charged, and shall, in its discretion, either order that the person be discharged, if satisfied that such discharge is consistent with the protection of the public; or shall order that the complaint be dismissed, if the court is of the opinion that the interests of the public require that such person be tried for such offense or violation instead of being discharged. Said hearing shall be held prior to, and separate from, any trial on the merits of the charges alleged."

[3]General Laws c. 119, § 61, in material part provides: "If it is alleged in a complaint made under sections fifty-two to sixty-three, inclusive, that a child (a) who had previously been committed to the department of youth services as a delinquent child has committed an offense against a law of

case, is limited to offenses committed by a juvenile between his or her fourteenth and seventeenth birthdays. Clearly the defendant does not come within this language (there is no other relevant language in §§ 53-63) because he was only twelve and thirteen at the time the offenses took place.

This case falls between the cracks. We repeat the language of *D'Urbano v. Commonwealth*, 345 Mass. 466, 471-472 (1963): "We recognize that this construction means that there is no remedial or punitive procedure available for a boy who commits an offence at thirteen, and is not apprehended or validly proceeded against until after he has passed the age at which he may be dealt with as a delinquent. See *Metcalf v. Commonwealth*, 338 Mass. 648 [1959]. This gap in the statute and other uncertainties therein are, however, properly for legislative consideration." See *Commonwealth v. A Juvenile*, 406 Mass. 31, 32-34 (1989).

The Commonwealth argues that this result is not satisfactory. The Legislature is the proper forum in which to raise this concern. The motion to dismiss was properly allowed.

*So ordered.*

the commonwealth which, if he were an adult, would be punishable by imprisonment in the state prison; or (b) has committed an offense involving the infliction or threat of serious bodily harm, and in either case if such alleged offense was committed while the child was between his fourteenth and seventeenth birthdays, and if the court enters a written finding based upon clear and convincing evidence that the child presents a significant danger to the public as demonstrated by the nature of the offense charged and the child's past record of delinquent behavior, if any, and is not amenable to rehabilitation as a juvenile, the court may, after a transfer hearing held in accordance with such rules of court as shall be adopted for such purpose, dismiss the complaint."