NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2022 VT 49

No. 22-AP-027

| | |
|---|---|
| State of Vermont | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Franklin Unit, |
| | Criminal Division |
| | |
| Z.P. & A.P. | June Term, 2022 |
| (Vermont Journalism Trust, Appellant) | |

Howard E. Van Benthuysen, J.

Ronald A. Shems, Alexandra J. Spring (Law Clerk), and K. Heather Devine of Tarrant, Gillies & Shems, LLP, Montpelier, for Appellant.

Robert J. Kaplan of Kaplan and Kaplan, Burlington, for Appellees.

Thomas J. Donovan, Jr., Attorney General, and Eleanor L.P. Spottswood, Solicitor General, Montpelier, for Appellee State.

PRESENT: Reiber, C.J., Eaton, Carroll, Cohen and Waples, JJ.

¶ 1. **WAPLES, J.** The issue in this appeal is whether the Vermont Journalism Trust (VJT) may access sealed records from a criminal division proceeding. The trial court denied VJT's request for access to records that were previously sealed on the ground that access was not permitted by statute and the court lacked discretion to override the statutory provision. We conclude that VJT lacks standing to appeal that order and dismiss the appeal.

¶ 2. The underlying procedural history is undisputed and complicated. Defendants A.P. and Z.P. were charged by the Franklin County State's Attorney's Office with multiple serious

criminal offenses in April 2020. The State's Attorney's Office discovered a conflict of interest, and the Vermont Attorney General's Office (AGO) took over prosecuting the case. In December 2020, the AGO determined that there was insufficient evidence to support the charges and on December 30, 2020, dismissed all pending charges against defendants. In January 2021, defendants[1] moved to seal the criminal cases under 13 V.S.A. § 7603(a)(1)(B), which provides that "the court shall issue an order sealing the criminal history record" within sixty days after final disposition when "the charge is dismissed before trial without prejudice." If a party objects to sealing, the court must hold a hearing to determine if sealing "serves the interests of justice." Id. § 7603(b). The criminal division ordered the AGO to provide its position on the requests to seal. The AGO filed a notice on January 27, 2021, indicating that it did not object to the sealing requests. Consequently, on January 28, 2021, the criminal division issued an order sealing the underlying criminal dockets under 13 V.S.A. § 7603.[2] The orders indicated that they applied to "all court files and records, law enforcement records, fingerprints, and photographs applicable to the proceeding" and directed that "[a]ll agencies and officials in custody of such documents shall comply."

¶ 3.  Unbeknownst to the criminal division at the time, also in January 2021, media outlets, including VJT, made public-records requests to the AGO under 1 V.S.A. § 316 seeking "all documents, communications, investigatory records and material" related to the AGO's investigation of defendants. In response to VJT's records request, the AGO indicated that it had the records and would provide them. VJT did not make a records request to the judiciary and the criminal division was not notified of the pending public-records requests to the AGO before it issued the sealing order.

_____

[1] There were separate requests and orders related to each defendant. Because the timing of the two is not important to the analysis, we refer to the general facts pertinent to both defendants.

[2] One order cited § 7603(a) and the other cited § 7603(e).

¶ 4. On February 1, 2021, the AGO filed a motion in the criminal division to reconsider the sealing order, revealing the existence of two pending public-records requests and seeking to comply with the public-records requests by releasing the now-sealed records in its possession. The criminal division denied the motions on the basis that the records were already sealed pursuant to the statute and without objection, and there was no authority for the criminal division to reconsider that decision.

¶ 5. In May 2021, three months after the records were sealed, VJT filed motions in the criminal division for access to sealed records under Vermont Rule for Public Access to Court Records 9(c). VJT argued that a sealing order did not retroactively override a pending request for records to the executive branch. VJT further contended that the trial court had discretion to provide access to the sealed records. Defendants opposed the motion for access to the records.

¶ 6. VJT also filed suit against the AGO in the civil division, appealing the AGO's denial of its public-records request. Although the two tracks of litigation stemmed from the same underlying facts, they involved different sets of records and were controlled by separate law. The motion in the criminal division involved a request for access to case records and was controlled by the Vermont Rules for Public Access to Court Records. See In re VSP-TK / 1-16-18 Shooting, 2019 VT 47, ¶ 13, 210 Vt. 435, 217 A.3d 560 ("Requests to courts for public access to case records should be evaluated under the Vermont Rules for Public Access to Court Records. This holding is consistent with our longstanding caselaw, and the provisions of the [Public Records Act]."). In contrast, the civil suit concerned records held by the AGO regarding the criminal investigation and access to those records was controlled by the Public Records Act, 1 V.S.A. §§ 315-320. All parties filed for summary judgment in the civil suit. In assessing the arguments, the civil division recognized that VJT might have been entitled to the records from the AGO if the agency had complied with the request before consenting to sealing but indicated there was no evidence that

3

the AGO intentionally attempted to manipulate the process related to the sealing. The civil division concluded that because the records were now sealed, they were exempt from production under the Public Records Act as records "that by law are designated confidential or by a similar term." 1 V.S.A. § 317(c)(1), (2). The civil division granted summary judgment against VJT in July 2021. VJT did not appeal.

¶ 7. The criminal division then held a hearing on the motions for access to sealed case records in December 2021.[3] In January 2022, the criminal division denied VJT's requests in a written order. The court held that under 13 V.S.A. § 7603(a)(1)(B), the criminal division was required to seal the records, and now that the records were sealed, they were exempt from public access. See V.R.P.A.C.R. 6(b)(1) (providing that public does not have access to case records designated confidential). The criminal division concluded that it lacked discretion to provide access to the sealed records because a statute governed the right of public access. V.R.P.A.C.R. 9(d).

¶ 8. VJT appeals the criminal division's January 2022 orders denying VJT's motions for access to the sealed records. On appeal, VJT argues that it diligently pursued all available avenues to obtain the records before they were sealed and that it should not be prejudiced because of the AGO's action in consenting to sealing before releasing the records. VJT argues that the criminal division incorrectly concluded that it lacked discretion to reconsider its decision to seal because sealing is a civil matter, and the criminal division has inherent discretion to correct mistakes or to reconsider its decisions under Vermont Rule of Civil Procedure 60(b).

---

[3] In April 2021, defendants moved to expunge under 13 V.S.A. § 7603(g). The State opposed the requests, and the trial court denied the motions. On appeal, this Court reversed and remanded for the superior court to assess whether expungement would serve the interests of justice. In re A.P., 2021 VT 90, __ Vt. __, 268 A.3d 58.

¶ 9.    As a threshold matter, we address the State's assertion that the appeal should be dismissed because VJT lacks standing to appeal. "Standing is a jurisdictional prerequisite." In re Bruyette, 2022 VT 3, ¶ 6, __ Vt. __, 274 A.3d 844 (quotation omitted). "Because standing is a necessary component of the court's subject-matter jurisdiction, it cannot be waived, and its absence can be raised at any time." Bischoff v. Bletz, 2008 VT 16, ¶ 15, 183 Vt. 235, 949 A.2d 420. "[S]tanding is a legal question that we review without deference." Paige v. State, 2018 VT 136, ¶ 10, 209 Vt. 379, 205 A.3d 526.

¶ 10.    The State argues that VJT does not meet the standing requirements of the Rules for Public Access to Court Records, which control the procedures for requesting case records. Under Rule 9(c), any person may move for access to sealed records. V.R.P.A.C.R. 9(c). However, the rule in effect during the relevant period limited the category of entities entitled to appeal the denial of a request for access to sealed records to a "party or person required to be served under subparagraph (a)(2)(E)." V.R.P.A.C.R. 9(e) (2019) (amended 2022).

¶ 11.    To determine whether VJT fits within the language of the rule, we look first to the plain language. See State v. Therrien, 2022 VT 35, ¶ 13, __ Vt. __, __ A.3d __ ("We generally construe procedural rules in the same manner as statutes and therefore begin with the rule's plain language."). We also consider the rule's purpose and how it relates to other rules on the same subject. Id.

¶ 12.    The version of Rule 9(e) effective at the time VJT filed suit and when it filed its notice of appeal provided a right to appeal to three categories of individuals: (1) parties, (2) those required to be served, defined as "other persons or organizations who have standing in the specific case," V.R.P.A.C.R. 9(a)(2)(E), and (3) individuals who are the subject of the information in the case record. The class of individuals entitled to appeal under Vermont Rule for Public Access to Court Records 9 was amended effective April 11, 2022. The amended rule now provides: "A

5

party; a person or entity filing or opposing a motion under this rule; or any person required to be served under subparagraph (a)(3)(E) in the superior court, may request permission to appeal to the Supreme Court from any superior court decision and order under this rule pursuant to V.R.A.P. 5.1." V.R.P.A.C.R. 9(e). As relevant here, amended Rule 9 allows an appeal by the proponent of a motion for access to records.

¶ 13. VJT asserts that the amended language regarding who can appeal was merely a clarification of existing law and therefore should apply retroactively. In general, there is a presumption that changes to statutes apply only prospectively and "the presumption may be rebutted when the Legislature enacts a clarification of a misapplied or misinterpreted statute, thereby revealing its true meaning." In re D.K., 2012 VT 23, ¶ 8, 191 Vt. 328, 47 A.3d 347. VJT asserts that the language change was remedial and not substantive based on the Reporter's Notes to the 2022 amendment, which indicate that the amendments to Rule 9 were made to "update and clarify the procedures" for motions seeking access to sealed records.

¶ 14. We need not decide whether this general rule also applies to amendments to procedural rules because even if it did, it would not apply in this case. See State v. Amidon, 2008 VT 122, ¶ 16, 185 Vt. 1, 967 A.2d 1126 (explaining that in interpreting rules of procedure this Court employs "tools similar to those we use in statutory construction"). The plain language of the amendment itself contradicts VJT's construction. The rule amendment adds an entirely new category of entities entitled to appeal—the filer or opposer of a motion. This is more than a clarification. It is a substantive change in the rule that does not apply retroactively. It is doubtful that the language in the Reporter's Notes highlighted by VJT has any bearing on this question insofar as it was a general statement about all the Rule 9 changes and not particular to Rule 9(e). In any event, even assuming it was meant to apply to Rule 9(e), Reporter's Notes are advisory and do not control if in conflict with the rule language. See In re Oden, 2018 VT 118, ¶ 12, 208 Vt.

6

642, 202 A.3d 252 (explaining that notes are advisory and can be disregarded if inconsistent with plain terms of rule). Therefore, in assessing VJT's standing to appeal, we apply the version of the rule in effect at the time its appeal was filed.

¶ 15. As detailed below, we conclude that VJT does not fall within any of the categories of entities permitted to appeal under the applicable version of Rule 9(e) and therefore lacks standing to appeal the denial of the request for access to the sealed records. VJT makes no argument that it fits the third category as the subject of the sealed records. As to the first category, VJT was certainly not a named party in the criminal division before it filed the motions for access to the records. The State and the defendant are the parties in a criminal action and were the only parties in the sealing matter. See 13 V.S.A. § 7603(b) (stating that State and defendant only parties in sealing matter). VJT did not achieve party status by filing any formal motion to intervene.[4]

¶ 16. The second category—a person required to be served under subparagraph (a)(2)(E), is in turn defined as "those other persons or organizations who have standing in the specific case." V.R.P.A.C.R. 9(a)(2)(E). Under the plain language of the provision and keeping in mind the overall structure of the rule, we conclude that VJT does not fit into this category. VJT had no independent basis for standing in the criminal proceeding. Its sole interest was in obtaining access to the sealed case records. Insofar as the cross reference refers to those who were required to be served with the initial motion, it certainly did not include VJT, which was not involved in the case before its motion for access to the sealed records was filed and therefore was not among the group of entities required to be served by the motion.

---

[4] Before Rule 9 went into effect, the process for media to assert a right to access to case records was by directly intervening in the criminal matter. See State v. Schaefer, 157 Vt. 339, 344, 599 A.2d 337, 341 (1991) ("We have held that the media may directly intervene in a criminal proceeding for purposes of seeking access to proceedings or papers.").

¶ 17.    VJT argues that it had standing to appeal because it was either a de facto party or fit within the second category of entities entitled to appeal because the criminal division treated it as a party by sending notices to VJT, accepting filings from VJT, and allowing VJT to be heard on the motion for access.   This Court has recognized that although the general rule is that nonparties do not have standing to appeal, there may be exceptional cases where the equities weigh in favor of treating persons as de facto parties where the persons participated in trial court proceedings as if they had intervened and were treated as such by all sides as such.  In re Beach Properties, Inc., 2015 VT 130, ¶ 15, 200 Vt. 630, 133 A.3d 854.  We observed that many state and federal jurisdictions recognize a de facto party exception and use a three-part test "inquiring whether: (1) the non-party actually participated in the proceedings below; (2) the equities weigh in favor of hearing the appeal; and (3) the nonparty has a personal stake in the outcome."  Id. (quotation and alternation omitted); see also 15A C. Wright, et al., Federal Practice and Procedure § 3902.1 (2d ed 1992).  In Beach Properties, we concluded that the neighbor, who had not formally intervened, had standing to appeal as a de facto party but emphasized that significant factors led to that conclusion, including that the neighbor was not represented by counsel, she was an adjoining landowner, the Board materials identified her as among required and notified parties, and the Board responded to her as if she were a party.  Id. ¶ 23.  We cautioned that if all these circumstances were not present, the analysis would differ.  Id.

¶ 18.    VJT has not demonstrated that it was a de facto party in this case.  VJT certainly participated below, and the judge captioned the decision by labeling VJT as an "intervenor" in the proceeding.  In all other ways, however, VJT was not treated as a party.  VJT was not provided access to the case docket and the other parties did not treat VJT as a party.  To be sure, VJT would like access to the sealed records, but it has no personal interest at stake in the criminal proceeding.  Finally, VJT was represented by counsel at all times and made no attempt to achieve party status

8

by intervening below. This is not the type of exceptional case where the equities warrant recognizing VJT as a de facto party.

¶ 19. VJT asserts that if it does not fall within the entities entitled to appeal under Rule 9(e), it should be exempt from the standing requirement. VJT asserts that it would have been futile to move to intervene because there was no criminal proceeding after the State dismissed all charges and the sealing statute specifically delineates that "[t]he defendant and the prosecuting attorney shall be the only parties in the matter." 13 V.S.A. § 7603(b). VJT's assertion that there was no proceeding in which to intervene because the criminal proceedings were closed is belied by the fact that the criminal division received and responded to VJT's motion for access to the sealed records. There is no indication that the criminal division would not have also received and responded to a request to intervene. In any event, VJT failed to preserve these arguments for appeal by not seeking to intervene in the criminal division.[5] Whether the criminal division would have entertained or granted intervention and to what degree is therefore conjecture.

¶ 20. There is also no merit to VJT's assertion that its failure to comply with the Rule 9(e) requirement is not fatal because the Rule's requirements do not equate to constitutional standing and therefore do not limit this Court's jurisdiction to hear its appeal. See Parker v. Town of Milton, 169 Vt. 74, 77, 726 A.2d 477, 480 (1998) (explaining that jurisdiction is limited to actual case or controversy and therefore to bring case plaintiff must have "suffered a particular injury that is attributable to the defendant and that can be redressed by a court of law"). This Court has explained that standing encompasses both constitutional and prudential limitations. Agency of Nat. Res. v. U.S. Fire Ins. Co., 173 Vt. 302, 306, 796 A.2d 476, 479 (2001) (quotation omitted).

_____

[5] VJT's position is self-contradictory. On the one hand, as to the substance of its argument, it asserts that the sealing process was a civil proceeding and therefore the criminal division had discretion to respond to VJT's motion to reconsider its sealing order under Civil Rule 60(b). On the other hand, as to process, VJT argues that this was a criminal proceeding and there was no procedural basis in the criminal rules for it to intervene.

Standing "is gauged by the specific common-law, statutory or constitutional claims that a party presents." Hinesburg Sand & Gravel Co. v. State, 166 Vt. 337, 341, 693 A.2d 1045, 1048 (1997) (quotation omitted).

¶ 21. This Court has consistently enforced statutory and rule-based requirements for standing to appeal. See In re Verizon Wireless Barton Permit, 2010 VT 62, ¶ 15, 188 Vt. 262, 6 A.3d 713 ("We have no discretion, however, to waive statutory requirements and allow standing for persons outside of the categories created and authorized by statute."). "Standing is a jurisdictional issue, and in cases where a party's standing to appeal depends on the timely filing of a predicate motion, this procedural step must be followed to avoid dismissal." Id. ¶ 20. Just as the Legislature and agencies can define standing requirements, the Court has supervisory authority over its own records and can set out the procedures for accessing those records. In re VSP-TK/1-16-19 Shooting, 2019 VT 47, ¶ 11 (explaining that Public Access Rules are distinct from Public Records Act and recognizing the judiciary's power over its own records); see 13B C. Wright et al., Federal Practice and Procedure § 3531.13 (3d ed.) (explaining that Congress can expand and limit standing by statute). Pursuant to that authority, this Court adopted the Rules for Public Access to Court Records in 2001. When a party fails to comply with the procedures for seeking access to records, there is no subject matter jurisdiction over the complaint. See Bain v. Windham Cnty. Sheriff Keith Clark, 2012 VT 14, ¶ 11, 191 Vt. 190, 44 A.3d 170 (concluding that superior court lacked jurisdiction over public records case where requestor failed to comply with administrative remedies outlined in Public Records Act). Here, Rule 9 provided the process for how to seek access to sealed records and the entities permitted to appeal a denial of access.

¶ 22. Finally, VJT asserts that even if it did not meet the Rule 9(e) requirements, it was entitled to appeal under Rule 6(h). VJT's argument regarding Rule 6(h) is without merit insofar as Rule 6 does not apply in this case. Rule 6 outlines the process for how entities can request case

10

records and allows those aggrieved by a decision on access a right to appeal the decision to the Supreme Court.  At no time did VJT make a public-records request to the judiciary for the case records of these defendants.  VJT filed a motion under Rule 9 for access to sealed records and it is the procedures in that rule that apply.

Appeal dismissed.

FOR THE COURT:

Associate Justice