NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2022 VT 3

No. 2021-108

In re Joseph Bruyette

Supreme Court

On Appeal from
Department of Corrections

December Term, 2021

Matthew F. Valerio, Defender General, and Annie Manhardt, Prisoners' Rights Office, Montpelier, for Petitioner-Appellant.

Thomas J. Donovan, Jr., Attorney General, Montpelier, and Timothy P. Connors, Assistant Attorney General, Waterbury, for Respondent-Appellee.

PRESENT: Reiber, C.J., Eaton, Carroll and Cohen, JJ., and Zonay, Supr. J., Specially Assigned

¶ 1. **COHEN, J.** This is an administrative agency appeal from the Vermont Department of Corrections (DOC). Petitioner Joseph Bruyette appeals from an April 2021 DOC declaratory ruling, made after his case staffing in June 2019, in which the DOC stated that it would "continue to rely on evaluations and reports that refer to [an] expunged offense when assessing [an] individual's risk to make programming, classification and release decisions." The DOC further stated in its declaratory ruling that it would also "maintain a record of such evaluations and reports to support its decisions . . . until [the individual in question] ha[s] reached their maximum release date whether or not the offense has been expunged." Petitioner had several felony convictions expunged prior to reclassifications in June and August 2021, and alleges that the declaratory ruling is in violation of 13 V.S.A. § 7606, Vermont's expungement statute. The State

argues that petitioner does not have standing to bring this case because the State did not rely on his expunged convictions during his final reclassification in August 2021. Shortly after the staffing, petitioner filed a motion to remand the case for further development of the record. He noted that the State's brief did not address the merits of his claim and instead solely urged the Court to dismiss the appeal for lack of standing. Several material facts related to his 2021 reclassification are in dispute and were not considered below. Because the disputed facts are vital for consideration of petitioner's standing, we remand the case for further development of the record.

¶ 2. Petitioner is currently serving an aggregate sentence of forty-five to eighty-five years in connection with four felonies for which he was sentenced in January 1990. In petitioner's June 2019 case staffing, the DOC classified him as a "Level C offender" pursuant to DOC Directive 371.10 based on his scores using two methodologies: the Level of Service Inventory (LSI) and Violence Risk Appraisal Guide (VRAG). The scores on both the LSI and VRAG are partially based on criminal history, including the number of prior arrests, number and severity of convictions, and sentencing dates. Petitioner's 2019 classification referenced felony convictions that pre-dated his current sentence.

¶ 3. Petitioner's felony convictions from before his current sentence were expunged pursuant to 13 V.S.A. § 7606 as of July 2019. Because his case staffing from June 2019 had occurred a month prior, the resulting classification took into account his prior offenses before they were expunged. Petitioner's next case staffing and two-year review of his Level C designation was scheduled to occur in June 2021, and he believed his expunged convictions might still be considered in both the LSI and VRAG. On April 1, 2021, he petitioned the DOC for a declaratory ruling pursuant to 3 V.S.A. § 808 "regarding the applicability of Vermont's expungement statute, 13 V.S.A. § 7606, to [the] DOC's treatment of individuals with expunged convictions and [the]

DOC's use of evaluations and reports that consider or acknowledge expunged convictions." The DOC responded on April 14 with the following ruling:

> To the extent an individual has had an offense for which they have been convicted expunged while still serving a sentence for the expunged offense, or while still in the custody of the VTDOC, the VTDOC will continue to rely on evaluations and reports that refer to the expunged offense when assessing that individual's risk to make programming, classification and release decisions. The VTDOC will also maintain a record of such evaluations and reports to support its decisions related to the individual until they have reached their maximum release date whether or not the offense has been expunged. The VTDOC does remove expunged convictions from its database.

Petitioner appealed.

¶ 4. Petitioner argues that the DOC's April 2021 declaratory ruling violates both the plain language and legislative intent of 13 V.S.A. § 7606. Section 7606 states that once a conviction has been expunged, the individual "shall be treated in all respects as if he or she had never been arrested, convicted, or sentenced for the offense." 13 V.S.A. § 7606(b)(1) (emphasis added). The statute is far-reaching and explicitly impacts employment, license, and other applications in which the individual is only required to disclose their previous criminal history regarding non-expunged convictions. It also includes process requirements ordering courts to destroy case files related to the expunged offenses. Id. § 7606(b)-(c). If, as the DOC states in its declaratory ruling, it uses expunged convictions in making any decisions, including classifications, that action would plainly violate the statute.

¶ 5. The DOC did not respond to petitioner's arguments. Instead, it contends that petitioner does not have standing to bring this case because, despite what it said in the declaratory ruling, it did not actually rely on any of petitioner's expunged offenses when it conducted its reclassification. It asserts therefore petitioner has failed to show that he has suffered a justiciable injury.

¶ 6.     Standing is "a jurisdictional prerequisite." Wool v. Off. of Pro. Regul., 2020 VT 44, ¶ 10, 212 Vt. 305, 236 A.3d 1250. To satisfy the standing requirement, petitioner must "show (1) injury in fact, (2) causation, and (3) redressability." Id. (quotation omitted). "Without standing, the court has no jurisdiction over a petition for declaratory relief." Bischoff v. Bletz, 2008 VT 16, ¶ 15, 183 Vt. 235, 949 A.2d 420. "Because standing is a necessary component of the court's subject matter jurisdiction, it cannot be waived, and its absence can be raised at any time." Paige v. State, 2018 VT 136, ¶ 10, 209 Vt. 379, 205 A.3d 526 (quotation omitted).

¶ 7.     The DOC asserts that while petitioner's appeal to this Court was pending, the DOC conducted petitioner's reclassification review and case staffing in June 2021. According to the DOC, it replaced the LSI methodology with a new factor called an Ohio Risk Assessment System (ORAS) Score. Using this new factor, it determined petitioner's score to be nineteen, which is considered "high." The June 2021 ORAS case-staffing form's Prior Supervision History section referenced petitioner's expunged records, but the VRAG from June 2021 did not.

¶ 8.     DOC asserts that in August 2021 it unilaterally revised petitioner's Level C determination and removed any reference to the expunged convictions from the case-staffing form. Petitioner's revised ORAS score decreased from nineteen to eighteen, which remained in the high category. The VRAG was used again in the August 2021 review without consideration of petition's expunged convictions, and petitioner's designation as Level C was therefore continued without consideration of his expunged charges. The DOC argues that because petitioner's August 2021 case staffing and subsequent Level C classification determination was not based in part on or in reference to the expunged convictions, he has not suffered an injury in fact that would give him standing to challenge the earlier, June 2021 ruling.

¶ 9.     In a motion for remand that petitioner filed with this Court in August 2021, he disputed the facts asserted in the DOC's brief. He asserted that an ORAS report from August 2021 appears to consider the expunged convictions when counting his prior adult felonies, and that his

4

December 2020 VRAG assessment considered the expunged convictions in the scoring of multiple items, such as his criminal history record, number of prior prison admissions, and antisociality score. Petitioner further argued that the declaratory ruling addressed all programming, classification, and release decisions, including determinations regarding parole and programming eligibility and furlough release. He therefore proposed that it was unclear whether the DOC would continue to consider his expunged convictions for these purposes. He requested that we remand for additional proceedings concerning the new facts alleged by the DOC. We determined that the motion to remand would be considered along with the merits of the appeal.

¶ 10. We now conclude that remand is appropriate so that a factual record may be developed to allow us to determine whether petitioner has standing to bring this appeal. The parties dispute whether the DOC in fact relied upon petitioner's expunged convictions in the case-staffing decisions it made after petitioner filed this appeal. The DOC first stated that it would rely on expunged convictions in its decisions but then redid petitioner's classification to allegedly not rely on them. Petitioner contests the DOC's allegations. Resolving this dispute will require us to consider facts that are not currently part of the record on appeal. Petitioner is entitled to know what was and was not considered in his 2021 classifications, and we cannot address the State's standing claim in the present appeal until those facts are determined.

¶ 11. We therefore remand this case to the DOC for further development of the record to determine whether it improperly continued to rely on petitioner's expunged convictions in any way.

Remanded for further proceedings consistent with this opinion.

FOR THE COURT:

_____

Associate Justice

5