VERMONT SUPERIOR COURT
Environmental Division

Docket No. 25-ENV-00077

32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org



---

**4659 Main Street Certificates of Compliance**

## ENTRY REGARDING MOTIONS

Title: Motion to Dismiss (Motion: #3)

Filer: Merrill E. Bent, attorney for the Town of Manchester

Filed Date: November 17, 2025

Individual Appellants' Memorandum in Opposition to Town's Motion to Dismiss Appeal, filed December 16, 2025, by Karen Geriak & Adam Dworkin, et al.[1]

Town's Reply in Support of Motion to Dismiss Appeal, filed December 29, 2025, by Merrill E. Bent

**The motion is GRANTED.**

------------------------------------------------------------------------------------------------------------------

Title: Motion to Dismiss (Motion: #5)

Filer: Ronald Rodriguez, pro se

Filed Date: December 22, 2025

Appellant's Response to Appellee's Exhibits and Rebuttal to Request for Dismissal, filed December 30, 2025, by Karen Geriak & Adam Dworkin, pro se

**The motion is DENIED.**

This case involves an appeal of the Town of Manchester (Town) Development Review Board's (DRB) approval, in part, of one or more applications for certificates of compliance for various improvements to the property located at 4659 Main Street, Manchester, Vermont (the Property). Appellants Karen Geriak and Adam Dworkin (together, Appellants) have appeared in their individual capacities throughout this action, but have also sought to represent a limited liability company (LLC),

---

[1] With Court permission, Appellants Geriak and Dworkin withdrew their November 20, 2025 opposition to the Town's Motion to Dismiss and resubmitted an opposition memorandum, filed December 16, 2025, in their individual capacities, and not as representatives of High Ridge Plaza, LLC.

High Ridge Plaza, LLC of which they are (or were) the members, as well as a trust in which they are trustees.

In an Entry Order dated November 13, 2025, this Court found that Appellants could not represent the LLC as non-attorneys under the requirements laid out in Vt. Agency of Nat. Res. v. Upper Valley Reg'l Landfill Corp., 159 Vt. 454 (1992). It provided 30 days from the date of that order to secure counsel to represent the LLC.

During a status conference on December 15, 2025, after it was established that Appellants had failed to secure counsel to represent the LLC in this litigation, the Town moved to dismiss the LLC as a party. The Court granted the Town's motion during the December 15 status conference and confirmed that dismissal by separate Entry Order issued December 17, 2025.

The Town has moved to dismiss this appeal pursuant to 10 V.S.A. § 8504(b) and 24 V.S.A. § 4465(b)(3). It argues that neither the Dworkin-Geriak Family Trust (Trust) nor Appellants Geriak and Dworkin individually have standing to maintain this appeal.[2] Interested Person Ronald Rodriguez has also filed a motion to dismiss.

A party's standing is a question of subject matter jurisdiction. In re Bruyette, 2022 VT 3, ¶ 6 ("Standing is a jurisdictional prerequisite."). This is because "Vermont courts are vested with subject matter jurisdiction only over actual cases or controversies involving litigants with adverse interests." Brod v. Agency of Nat. Res., 2007 VT 87, ¶ 8 (quotation omitted). "To have a case or controversy subject to the jurisdiction of the court, the plaintiffs must have standing." Id. This Court and the Vermont Supreme Court have consistently enforced statutory and rule-based requirements for standing to appeal. *See e.g.,* In re Verizon Wireless Barton Permit, 2010 VT 62, ¶ 15.

The Court reviews the Town's motion under the standard of review afforded by V.R.C.P. Rule 12(b)(1). On a motion to dismiss for lack of subject matter jurisdiction, the Court accepts as true all uncontroverted factual allegations and construes them in a light most favorable to the nonmoving party. Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245. When a party's standing is challenged, however, the party must demonstrate that it has standing to appeal to this Court. See In re Silver Birch Props., LLC, No. 22-ENV-00070, slip op. at 3 (Vt. Super. Ct. Envtl. Div. Mar. 29, 2023) (Durkin, J.) (citing Bischoff v. Bletz, 2008 VT 16, ¶ 15, 183 Vt. 235) ("While the Court initially accords persons who enter a timely appearance party status, if challenged the party must demonstrate, at a

---

[2] The Court understands, and it is undisputed, that the Trust owns High Ridge Plaza, LLC by virtue of an assignment by Ms. Geriak and Mr. Dworkin of their interest in the LLC to the Trust. High Ridge Plaza, LLC, owns the real estate adjacent to the Property.

minimum, that they are vested with constitutional standing to remain as a party before the Court in the pending appeal."). The Court may consider evidence outside of the pleadings if necessary to resolve the motion. Conley v. Crisafulli, 2010 VT 38, ¶ 3, 188 Vt. 11. Finally, "[b]ecause standing is a necessary component of the court's subject-matter jurisdiction, it cannot be waived, and its absence can be raised at any time." Bischoff, 2008 VT 16, ¶ 15 (citation omitted).

## Discussion

Standing to appeal decisions related to municipal zoning is regulated by 10 V.S.A. § 8504 and 24 V.S.A. § 4465. Section 8504 provides that an "interested person" may appeal the decision of an appropriate municipal panel, here the DRB, so long as that person participated in the municipal proceeding below. 10 V.S.A. § 8504(b)(1). Further, 24 V.S.A. § 4465 defines an "interested person," in part (and relevant here) as:

> A person owning or occupying property in the immediate neighborhood of a property that is the subject of any decision or act taken under this chapter, who can demonstrate a physical or environmental impact on the person's interest under the criteria reviewed, and who alleges that the decision or act, if confirmed, will not be in accord with the policies, purposes, or terms of the plan or bylaw of that municipality. 24 V.S.A. § 4465 (b)(3).

In addition to the requirements of statutory standing, a party must demonstrate that they can satisfy Article III Constitutional standing. See In re Capitol Plaza 2-Lot Subdivision & Major Site Plan, Nos. 3-1-19 Vtec, 4-1-19 Vtec, slip op. at 5 (Vt. Super. Ct. Envtl. Div. Nov. 12, 2019) (Walsh, J.). To establish constitutional standing, a party must demonstrate an injury in fact, causation, and redressability. Hous. Our Seniors in Vermont, Inc. v. Agency of Com. & Cmty. Dev., 2024 VT 12, ¶ 13 (citation omitted).

In this case, there is no evidence that the Trust qualifies as an interested person. Although the Trust is listed on Appellants' most recently "updated" notice of appeal, it does not appear that the Trust participated in the proceedings before the DRB (it is not referenced anywhere in the DRB decision) and it did not enter an appearance before this Court.[3] Further, while the Trust owns High Ridge Plaza, LLC (which has previously been dismissed from this appeal), it does not own (or occupy) the real estate adjacent to the Property.[4] As the Town correctly observes, Appellants also make no argument in support of the Trust's standing to appeal. Finally, even assuming all other requirements

---

[3] The Notice of Appearance filed on September 2, 2025, is signed only by Ms. Geriak and Mr. Dworkin, individually.

[4] That real estate, known and numbered as 4645 Main Street, is owned by High Ridge Plaza, LLC.

for standing had been met (which they have not), the Trust cannot participate in this proceeding pro se and it has not filed a motion seeking permission for non-attorney representation. See Upper Valley Reg'l Landfill Corp., 159 Vt. at 458(1992) (requiring legal entities to satisfy four factors when seeking permission for non-attorney representation). Accordingly, the Trust does not have standing to sustain an appeal and must be dismissed.

Ms. Geriak and Mr. Dworkin participated in the proceedings before the DRB, but they do not own the adjacent property, 4645 Main Street. Instead, they premise their standing claim on a commercial lease agreement (Exhibit NN, Lease) between themselves and High Ridge Plaza, LLC. In support of their standing claim, Appellants state only that they "personally occupy the adjacent property . . . as Tenants under a lease agreement effective July 1, 2020 . . . a fact known and recognized by the Town. This immediate proximity and personal occupancy grants them individual standing under 24 V.S.A. § 4465(b)(3)." Appellants' Memorandum at 7 (filed December 16, 2025).

On its face, the Lease states that it was "made and entered into on this 28th day of September, 2025 (the "Execution Date") but is effective retroactively as of July 1, 2020 (the "Effective Date")."[5] No prior written lease agreements have been provided to the Court. The last "updated" Notice of Appeal in this case was filed on September 17, 2025 and the appeal period expired on September 24, 2025. The Lease's Execution Date is therefore subsequent to the last Notice of Appeal and expiration of the appeal period. In other words, while purporting to be retroactive to July 1, 2020, the Lease was signed after the DRB's July 16, 2025 hearing, its subsequent decision, the filing of Appellants' notices of appeal, and expiration of the 30-day appeal period.

Occupancy (as a tenant) of property in the immediate neighborhood of other property that is the subject of a zoning permit or approval may partially satisfy the definition of "interested person" under 24 V.S.A. § 4465(b)(3).[6] Critically, however, the conditions of such occupancy must exist at least as of the time a notice of appeal is filed because "standing is a jurisdictional prerequisite." In re Bruyette, 2022 VT 3, ¶ 6. Put another way, statutory standing cannot be established retroactively, at least under the circumstances presented here. This is consistent with the general principle that "standing is to be determined as of the commencement of a suit" and cannot be cured through subsequent filings or procedural motions. See U.S. Bank Nat. Ass'n v. Kimball, 2011 VT 81, ¶ 12 (2011) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 570, n. 5 (1992)); In re Verizon Wireless

---

[5] It does not appear from the face of the Lease that it has been acknowledged and recorded per 27 V.S.A. §§ 341-342.
[6] Importantly, occupancy alone of adjacent or nearby property does not establish standing. Occupancy is only one aspect of a party's standing to appeal a municipal decision to this Court.

Barton Permit, 2010 VT 62, ¶ 20 ("Standing is a jurisdictional issue, and in cases where a party's standing to appeal depends on the timely filing of a predicate motion, this procedural step must be followed to avoid dismissal."); see also Bank of New York Mellon v. Quinn, 2025 VT 60, ¶ 16; Deusche Bank Nat. Trust, Co. v. Parisella, No. S0758-09 CnC (Vt. Super. Ctt. Oct. 25, 2010) (Toor, J.). In this case, Appellants entered into a lease agreement (with an LLC they control) that purports to retroactively establish their status as occupants of property adjacent to the Property during the relevant time period. The transfer of interest occurred on September 28, 2025, after the notice of appeal was filed and after the appeal period expired. This is insufficient to satisfy § 4465(b)(3)'s occupancy requirement because, even assuming the validity of the language purporting to make the lease retroactive to July 1, 2020, their leasehold interest did not exist (or at least has not been demonstrated) as of the date of appeal.[7]

Similarly, § 4465(b), as well as general Article III standing requirements, mandates that an interested person demonstrate a "physical or environmental impact on the person's interest under the criteria reviewed."[8] 24 V.S.A. 4465(b)(3). In practical terms, this means that a person who is not injured has no standing to bring suit or to maintain an appeal. Bishoff v. Bletz, 2008 VT 16, ¶¶ 15–16 (finding no standing where plaintiff cannot show personal injury fairly traceable to other party's unlawful conduct).

Here, Appellants have failed to identify any personal physical or environmental impact that is governed or protected by the Town's zoning regulations. First, they largely assert that they are entitled to standing by virtue of alleged occupancy alone. This is insufficient under the law. Instead, they state that a portion of the structure at the Property interferes with/encroaches upon easement rights that are held by High Ridge Plaza, LLC. Ms. Geriak and Mr. Dworkin have not identified any injury, personal to them (as opposed to the LLC) that provides a basis for their individual standing. To the extent that they are relying on the lease to assert that they have a particularized injury because the LLC

---

[7] It is also well established that standing cannot be conferred by agreement. See Coop. Fire Ins. Ass'n of Vermont v. Bizon, 166 Vt. 326, 330, n. 3 (1997). Here, Appellants, by a post-hoc agreement that is functionally with themselves, have attempted to manufacture individual standing to appeal by including in the lease language that purports to retroactively establish them as individual occupants of the property during the relevant time period. As discussed above, however, under Vermont law, an agreement executed after an appeal is filed generally cannot provide a basis for standing to appeal, even if the agreement is retroactive to a specific date, because standing must exist at the time the appeal is filed and is a jurisdictional requirement that cannot be conferred by subsequent agreement or retroactive arrangements.

[8] The standing requirement originates in Article III of the United States Constitution, which states that federal courts have jurisdiction only over actual cases or controversies. An element of the case or controversy requirement is that plaintiffs must have standing, that is, they must have suffered a particular injury that is attributable to the defendant and that can be redressed by a court of law. Parker v. Town of Milton, 169 Vt. 74, 76–77 (1998).

has allegedly suffered an injury, they cannot do so for the reasons discussed above. Appellants' particularized, redressable injury must have existed at the time of appeal. They have failed to identify such an injury.[9] Further, this Court is without jurisdiction to determine private property rights except where specific statutory authority exists to do so. In re Ranney Dairy Farm, LLC, 2024 VT 66, ¶ 10. No such authority exists here. The sole injury alleged is an easement dispute with the Property's owner. Appellants have not identified any other individualized physical or environmental impact arising from or related to the Town's issuance of the certificates of compliance at issue in this case. Therefore, they do not qualify as interested persons in their individual capacities and are without standing to maintain an appeal.

Given the Court's conclusions above regarding the Trust and that Appellants' lack standing to maintain this appeal, the Town's Motion to Dismiss is **GRANTED**. Mr. Rodriguez' Motion to Dismiss is, accordingly, **DENIED** as moot.

This concludes the proceedings before the Court. A Judgment Order accompanies this decision.

Electronically signed on January 8, 2026, pursuant to V.R.E.F. 9(d).

Joseph S. McLean
Superior Court Judge
Environmental Division

---

[9] Moreover, while the Lease gives Appellants the right to use of the premises, it does not expressly authorize Appellants to commence litigation to enforce easement rights held by the LLC or to bring other claims or appeals on its behalf.